# United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK

RASHEEN SCOTT and JACOB WILLIAMS,
Individually, and on Behalf of All Other Persons
Similarly Situated,

Plaintiffs

**V.**

SAME DAY DELIVERY INC. ET AL. and JOHN
DOES 1-10, Jointly and Severally,

Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**07 CV 3586**

**Judge Hellerstein**

TO: (Name and address of defendant)

SAME DAY DELIVERY INC., DUANE READE INC.,
ROCCO VINCENT D'AMASSANDRO, SCOTT WEINSTEIN, and STEVE PILAVIN at
at 14 East 14th Street, New York, N.Y. 10011.

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

William C. Rand, Esq., Law Office of William Coudert Rand, 711 Third Avenue, Suite 1505, New York, N.Y. 10017

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                    MAY 0 4 2007
CLERK                                                 DATE

*Marcos Quintero* (signature)

(BY) DEPUTY CLERK

William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Co-counsel
Jeffrey M. Gottlieb, Esq. (JG-7905)
Berger & Gottlieb
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795
Attorneys for Plaintiffs



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RASHEEN SCOTT and JACOB WILLIAMS
Individually, and on Behalf of
All Other Persons Similarly Situated,

                   Plaintiffs,

        -against-

SAME DAY DELIVERY INC., ROCCO VINCENT
D'AMASSANDRO, SCOTT WEINSTEIN,
STEVE PILAVIN, DUANE READE INC., and
JOHN DOES # 1-10, Jointly and Severally,

                   Defendants.
------------------------------------------------------------x

Judge Hellerstein

07 CV 3586

CLASS AND
COLLECTIVE ACTION
COMPLAINT

Demand for Jury Trial

Plaintiffs, through their attorneys, complaining of Defendants, allege as follows:

### NATURE OF THE ACTION

1. Plaintiffs allege, on behalf of themselves and other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for work performed for which they received no compensation at all as well as for overtime work for which they did not receive overtime premium pay, as required by law, as well as for work performed for which they did not receive the statutory minimum wage, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq.

2. Plaintiffs further complain on behalf of themselves and other similarly situated current and former employees of the Defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to back wages from Defendants for worked performed for which they received no compensation at all as well as for overtime work for which they did not receive overtime premium pay as well as for work performed for which they did not receive statutory minimum wage, as required by New York Labor Law §§ 650 *et seq.*, including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1337 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, this Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendants reside in this district and a substantial part of the events or omissions giving rise to the claims occurred in this District.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff RASHEEN SCOTT resides in New York County, New York.

7. Plaintiff JACOB WILLIAMS resides in Bronx County, New York.

8. Upon information and belief, defendant SAME DAY DELIVERY INC. is a

corporation organized and existing under the laws of the State of New York and conducting business at 14 East 14th Street, New York, N.Y. 10011.

9. Upon information and belief, defendant DUANE READE INC. (together with Same Day Delivery Inc. the "Corporate Defendant") is a corporation organized and existing under the laws of the State of Delaware and conducting business at 14 East 14th Street, New York, N.Y. 10011.

10. "Corporate Defendant" is defined as SAME DAY DELIVERY INC. and DUANE READE INC.

11. Upon information and belief, defendants ROCCO VINCENT D'AMASSANDRO, SCOTT WEINSTEIN, and STEVE PILAVIN are officers, directors and/or managing agents of defendant Same Day Delivery Inc.

12. Upon information and belief, defendants ROCCO VINCENT D'AMASSANDRO, SCOTT WEINSTEIN, and STEVE PILAVIN participated in the day-to-day operations of the Corporate Defendant, and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendant.

13. Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendant, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec.

3

2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendant.

## COLLECTIVE ACTION ALLEGATIONS

14. Pursuant to 29 U.S.C. § 207, Plaintiffs seeks to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since May 4, 2004 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid for hours that they worked, were not paid the minimum statutory rate for the hours that they worked and received no compensation for overtime at rates not less than one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

15. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are over 40 Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

16. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

17. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore,

inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

18.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

(a)    whether the Defendants employed the Collective Action Members within the meaning of the FSLA;

(b)    what proof of hours worked is sufficient where the employer fails in its duty to maintain records;

(c)    whether Defendants failed to pay the Collective Action Members for hours which they worked and received no compensation as well as for hours worked for which they did not receive the statutory minimum wage as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FSLA and the regulations promulgated thereunder;

(d)    whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

(e)    whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

(f) whether Defendants should be enjoined from such violations of the FLSA in the future.

19. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ACTION ALLEGATIONS

20. Plaintiffs sue on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

21. Plaintiffs bring their New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since May 4, 2001, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid for hours actually worked as well as overtime wages in violation of the New York Labor Law (the "Class").

22. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are based, are presently within the sole control of the Defendants, upon information and belief, there are at least 40 members of the Class during the Class Period.

23. The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

24. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

25. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

26. Plaintiffs have the same interests in this matter as all other members of the Class, and Plaintiffs' claims are typical of the class.

27. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

  (a) whether Defendants employed the members of the Class within the meaning of the New York Labor Law;

  (b) what proof of hours worked is sufficient where the employer fails in its duty to maintain records;

  (c) whether Defendants failed/and or refused to pay the members of the Class any compensation for hours worked, compensation equal or greater than the statutory minimum wage for hours worked, as well as overtime compensation for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

  (d) whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

  (e) whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF THE FACTS

### Jacob Williams

28.    Plaintiff Jacob Williams was a foot delivery worker employed by Defendants from on or about March 2005 until on or about October 2005 at the Duane Reade store located at 14 East 14th Street, New York, N.Y. 10011 (the "Williams foot delivery time period").

29.    During the Williams foot delivery time period, Plaintiff Williams generally worked from 7:30 a.m. to 8:00 p.m. Monday through Friday equal to 62.5 hours per week.

30.    During the Williams foot delivery time period, Plaintiff Williams was paid a piece rate of $3.00 per delivery, except for his first 30 days of work during which he was paid a piece rate of $2.50 per delivery.

31.    During the Williams foot delivery time period, Williams was never paid any monies over and above his standard piece rate for his time working more than 40 hours in a week.

32.    During one week during the Williams foot delivery time period, Williams was assigned and completed only 29 deliveries and thus was paid only $87 of weekly pay. During this week, Williams worked at least 40 hours.

33.    During the Williams foot delivery time period, Williams worked out of a basement office located in the Duane Reade store at 14 East 14th Street, New York, N.Y. 10011.

34.    During the Williams foot delivery time period, Williams was provided prescription drug packages by Duane Reade which had delivery instructions attached, and Williams delivered the packages by walking on foot or taking the subway.

35.    The packages were primarily delivered to other Duane Reade stores.

36. During the Williams foot delivery time period, Williams made deliveries only for Duane Reade.

37. During the Williams foot delivery time period, Williams was supervised by Tom Rizzo, a Duane Reade employee.

38. During the Williams foot delivery time period, Tom Rizzo had an office in the basement of the Duane Reade store located at 14 East 14th Street, New York, N.Y. 10011.

39. During the Williams foot delivery time period, Tom Rizzo, a Duane Reade employee, had the right hire, fire and/or transfer Williams.

### Rasheen Scott

40. Plaintiff Rasheen Scott was a foot delivery worker employed by Defendants from on or about September 2005 until on or about December 2006 at the Duane Reade store located at 14 East 14th Street, New York, N.Y. 10011 (the "Scott foot delivery time period").

41. During the Scott foot delivery time period, Plaintiff Scott generally worked from 7:30 a.m. to 8:00 p.m. Monday through Friday equal to 62.5 hours per week.

42. During the Scott foot delivery time period, Plaintiff Scott was paid a piece rate of $3.00 per delivery, except for his first 30 days of work during which he was paid a piece rate of $2.75 per delivery.

43. During the Scott foot delivery time period, Scott was never paid any monies over and above his standard piece rate for his time working more than 40 hours in a week.

44. During one week during the Scott foot delivery time period, Scott was assigned and completed only 40 deliveries and thus was paid only $120 of weekly pay. During this week, Scott worked at least 40 hours.

45. During the Scott foot delivery time period, Scott worked out of a basement office located in the Duane Reade store at 14 East 14th Street, New York, N.Y. 10011.

46. During the Scott foot delivery time period, Scott was provided prescription drug packages by Duane Reade which had delivery instructions attached, and Scott delivered the packages by walking on foot or taking the subway.

47. The packages were primarily delivered to other Duane Reade stores.

48. During the Scott foot delivery time period, Scott made deliveries only for Duane Reade.

49. During the Scott foot delivery time period, Scott was supervised by Tom Rizzo, a Duane Reade employee.

50. During the Scott foot delivery time period, Tom Rizzo had an office in the basement of the Duane Reade store located at 14 East 14th Street, New York, N.Y. 10011.

51. During the Scott foot delivery time period, Tom Rizzo, a Duane Reade employee, had the right hire, fire and/or transfer Scott.

52. Scott worked as a driver's helper on a delivery van of Same Day Delivery Inc. from on or about December 2006 to on or about January 2007 ("van time period").

53. During the van time period, the van delivered almost exclusively groceries for the Pathmark store located at 125th Street and Lexington Ave. and took directions from a dispatcher employed by Same Day delivery Inc. who worked at the Pathmark store.

54. During the van time period, Scott made deliveries only within the City of New York and never crossed the New York State boundary.

55. During the van time period, Scott worked from 11:00 a.m. until 8:30 p.m Monday through Saturday, equal to 57 hours per week.

56. During the van time period, Scott was paid $7 per hour but was not apid any additional amounts for time worked over 40 hours in a week.

57. In January 2007, Same Day Delivery Inc. re-assigned Scott to work out of the basement office of the Associated grocery store located at 58th Street and Columbus Avenue in Manhattan, where Scott worked from January 2007 until March 2007 ("Associated time period").

58. During the Associated time period, Scott generally worked performing deliveries for the Associated store from 11:00 a.m. until 7:30 p.m. or 8:00 p.m., equal to approximately 42.5 to 45 hours per week and was paid $7 per hour, but was not paid any additional compensation for his time worked over 40 hours in a week.

59. Plaintiffs' work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

60. The work performed by Plaintiffs required little skill and no capital investment.

61. Plaintiffs' duties did not include managerial responsibilities or the exercise of independent judgment.

62. Plaintiffs often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiffs any compensation for hours worked by them over forty in a week as well as the minimum statutory wage for hours worked by them as well as overtime compensation of one and one-half times their regular hourly or piece rate, and for an extra hour in each day worked over ten hours, in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

63. Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendants have likewise

employed other individuals, like the Plaintiffs (the Collective Action Members/the Class) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

64. Such individuals have worked in excess of 40 hours a week and more than 10 hours a day, yet the Defendants have likewise willfully failed to pay them any compensation for hours worked by them as well as minimum wage for hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate, and for an extra hour in each day worked over ten hours, in violation of the FLSA and the New York Labor Law.

65. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

66. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' own employment, the course of the Class Period and the course of the Collective Action Period, the Defendants failed to maintain accurate and sufficient time records.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT**

67. Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

68. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

69. At all relevant times, Defendants employed and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

70. Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

71. Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consents are attached hereto and incorporated by reference.

72. At all relevant times, the Defendants had a policy and practice of refusing to pay for all hours worked as well as the statutory wage for hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

73. As a result of the Defendants' willful failure to compensate its employees, including Plaintiffs and the Collective Action members, for all hours worked by them as well as at the statutory minimum hourly rate for hours worked as well as for overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated and continue to violate, the FSLA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

74. As a result of Defendants' failure to record, report, credit, and/or compensate its employees, including Plaintiffs and the Collective Action members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FSLA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

75. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

76. Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action members, are entitled to recover from Defendants, their unpaid wages, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

77. Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

78. At all relevant times, Plaintiffs and the members of the Class were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

79. Defendants willfully violated Plaintiffs' rights and the rights of the members of the Class, by failing to pay them any compensation hours worked by them as well as the minimum statutory hourly rate for hours worked as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the New York Labor Law and its regulations.

80. Defendants' New York Labor Law violations have caused Plaintiffs and the members of the Class, irreparable harm for which there is no adequate remedy at law.

81. Due to Defendants' New York Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid wages, unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees,

(f)     An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216 and New York Labor Law § 663(1);

(g)     An award of prejudgment and post judgment interest;

(h)     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

(i)     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
       May 4, 2007

LAW OFFICE OF WILLIAM COUDERT RAND

S/William C. Rand
_____
William Coudert Rand, Esq. (WR-7685)
Attorney for Plaintiff, Individually,
and on Behalf of All Other Persons Similarly Situated

711 Third Avenue, Suite 1505
New York, New York 10017
Tel: (212) 286-1425

Co-counsel
Berger & Gottlieb
Jeffrey M. Gottlieb, Esq. (JG-7905)
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795