**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
**RASHEEN SCOTT and JACOB WILLIAMS**
**Individually, and on Behalf of**
**All Other Persons Similarly Situated,**

         ECF
         07 Civ. 3586 (AKH)

         **Plaintiffs,**

     -against-

**SAME DAY DELIVERY INC., ROCCO VINCENT**
**D'AMASSANDRO, SCOTT WEINSTEIN,**
**STEVE PILAVIN, DUANE READE INC., and**
**JOHN DOES # 1-10, Jointly and Severally,**

         **AMENDED ANSWER**

         **Defendants.**
-------------------------------------------------------------------------x

       Defendants SAME DAY DELIVERY INC., ROCCO VINCENT D'AMASSANDRO, SCOTT WEINSTEIN, and STEVE PILAVIN (together "Same Day Defendants"), through their undersigned attorneys, respond to Plaintiffs' Complaint ("Complaint"), as follows:

       1.    The allegations of ¶1 of the Complaint constitute Plaintiffs' description of the case to which no response is required. To the extent a response is required; Defendants deny the allegations.

       2.    Defendants make no response to the allegations in ¶ 2 because they are jurisdictional or descriptive in nature. To the extent a response is required; Defendants deny the remaining allegations in ¶ 2.

## Jurisdiction and Venue

3.     Defendants make no response to the allegations in ¶ 3 because they are jurisdiction or descriptive in nature.  To the extent a response is required; Defendant denies the remaining allegations in ¶ 3.

4.     Defendants make no response to the allegations in ¶ 4 because they are jurisdictional or descriptive in nature.  To the extent a response is required; Defendant denies the remaining allegations in ¶ 4.

5.     Defendants make no response to the allegations in ¶ 5 because they are jurisdictional or descriptive in nature or conclusions of law.  To the extent a response is required; Defendant denies the remaining allegations in ¶ 5.

## Parties

6.     Defendant denies possessing knowledge or information sufficient to respond to the information contained in ¶ 6.

7.     Defendant denies possessing knowledge or information sufficient to respond to the information contained in ¶ 7.

8.     Defendants admit that it is a corporation in the State of New York but denies the remainder of the information alleged in paragraph ¶ 8.

9.     Defendants deny possessing knowledge or information sufficient to form a belief as to the allegations set forth in ¶ 9.

10.    The allegation in ¶ 10 is descriptive in nature and does not require a response.

11.    Defendants admit the information contained in ¶ 11.

12.    Defendants deny the information contained in ¶ 12.

13. Defendants deny the information contained in ¶ 13.

14. The allegations of ¶14 of the Complaint constitute Plaintiffs' description of the case to which no response is required except that Defendants deny the allegation that all of the Plaintiffs were employees of Defendant.

15. Defendants make no response to the allegations in ¶ 15 because they are descriptive in nature or conclusions of law. To the extent a response is required; Defendants deny the remaining allegations in ¶ 15.

16. Defendants make no response to the allegations in ¶ 16 because they are descriptive in nature or conclusions of law. To the extent a response if required, Defendants deny the remaining allegations in ¶ 16.

17. Defendants make no response to the allegations in ¶ 17 because they are descriptive in nature or conclusions of law. To the extent a response if required, Defendants deny the remaining allegations in ¶ 17.

18. Defendants make no response to the allegations in ¶ 18 because they are descriptive in nature or conclusions of law. To the extent a response if required, Defendants deny the remaining allegations in ¶ 18.

19. Defendants make no response to the allegations in ¶ 19 because they are descriptive in nature or conclusions of law. To the extent a response if required, Defendants deny the remaining allegations in ¶ 19.

20. Defendants make no response to the allegations in ¶ 20 because they are descriptive in nature or conclusions of law. To the extent a response if required, Defendants deny the remaining allegations in ¶ 20.

21. Defendants make no response to the allegations in ¶ 21 because they are descriptive in nature or conclusions of law. To the extent a response if required, Defendants deny the remaining allegations in ¶ 21.

22. Defendants make no response to the allegations in ¶ 22 because they are descriptive in nature or conclusions of law. To the extent a response if required, Defendants deny the remaining allegations in ¶ 22.

23. Defendants make no response to the allegations in ¶ 23 because they are descriptive in nature or conclusions of law. To the extent a response if required, Defendants deny the remaining allegations in ¶ 23.

24. Defendants make no response to the allegations in ¶ 24 because they are descriptive in nature or conclusions of law. To the extent a response if required, Defendants deny the remaining allegations in ¶ 24.

25. Defendants make no response to the allegations in ¶ 25 because they are descriptive in nature or conclusions of law. To the extent a response if required, Defendants deny the remaining allegations in ¶ 25.

26. Defendants deny possessing knowledge or information sufficient to form a belief as to the allegations set forth in ¶ 26

27. . Defendants make no response to the allegations in ¶ 27 because they are descriptive in nature or conclusions of law. To the extent a response if required, Defendants deny the remaining allegations in ¶ 27.

28. Defendants make no response to the allegations in ¶ 28 because they are descriptive in nature or conclusions of law. To the extent a response if required, Defendants deny the remaining allegations in ¶ 28.

**Statement of Facts**

29. Defendants admit that Plaintiff Williams was a foot delivery worker but denies the alleged dates in ¶ 29.

30. Defendants deny the allegation contained in ¶ 30.

31. Defendants deny the allegation contained in ¶ 31.

32. Defendants deny the allegation contained in ¶ 32.

33. Defendants deny the allegation contained in ¶ 33.

34. Defendants deny the allegation contained in ¶ 34.

35. Defendants admit that Plaintiff Williams delivered prescription drug packages by Duane Reade but does not possess knowledge or information sufficient to respond to the allegation about "delivery instructions" as set forth in ¶ 35.

36. Defendants admit the allegation contained in ¶ 36.

37. Defendants deny the allegation contained in ¶ 37.

38. Defendants deny possessing knowledge or information sufficient to form a belief regarding the allegation in ¶ 38.

39. Defendants deny the allegation contained in ¶ 39.

40. Defendants admit the allegation contained in ¶40.

41. Defendants deny the allegation contained in ¶ 41.

42. Defendants deny the allegation contained in ¶ 42.

43. Defendants deny the allegation contained in ¶ 43.

44. Defendants deny the allegation contained in ¶ 44.

45. Defendants deny the allegation contained in ¶ 45.

46. Defendants deny the allegation contained in ¶ 46.

47. Defendants admit the allegation contained in ¶ 47.

48. Defendants admit the allegation contained in ¶ 48.

49. Defendants deny the allegation contained in ¶ 49.

50. Defendants deny possessing knowledge or information sufficient to form a belief regarding the allegation in ¶ 50.

51. Defendants deny the allegation contained in ¶ 51.

52. Defendants admit the allegation contained in ¶ 52.

53. Defendants deny the allegation contained in ¶ 53.

54. Defendants admit the allegation contained in ¶ 54.

55. Defendants deny the allegation contained in ¶ 55.

56. Defendants deny the allegation contained in ¶ 56.

57. Defendants admit the allegation in ¶ 57 that Plaintiff Scott was reassigned to Associated grocery store but deny the balance of the allegation.

58. Defendants admit that Plaintiff Scott performed deliveries for Associated but deny the balance of the allegation of ¶ 58.

59. Defendants deny possessing knowledge or information sufficient to form a belief regarding the allegation in ¶ 59.

60. Defendants deny the allegation contained in ¶ 60.

61. Defendants deny the allegation contained in ¶ 61.

62. Defendants deny the allegation contained in ¶ 62.

63. Defendants deny the allegation contained in ¶ 63.

64. Defendants deny the allegation contained in ¶ 64.

65. Defendants make no response to the allegations in ¶ 65 because they are descriptive in nature or conclusions of law. To the extent a response is required Defendants deny the remaining allegations in ¶ 65.

66. Defendants deny the allegation contained in ¶ 66.

### First Claim for Relief
### Fair Labor Standards Act

67. Paragraph 67 incorporates ¶¶ 1 through 66. Defendants incorporate their responses to those same allegations.

68. Defendants admit the allegation in ¶ 68.

69. Defendants make no response to the allegations in ¶ 69 because they are descriptive in nature or conclusions of law. To the extent a response is required Defendants deny the remaining allegations in ¶ 69.

70. Defendants admit the allegation in ¶ 68.

71. Defendants make no response to the allegations in ¶ 71 because they are descriptive in nature.

72. Defendants deny the allegation in ¶ 72.

73. Defendants deny the allegation in ¶ 73.

74. Defendants deny the allegation in ¶ 74.

75. Defendants deny the allegation in ¶ 75.

76. Defendants deny the allegation in ¶ 76.

### Second Claim for Relief
### New York State Labor Law

77. Paragraph 77 incorporates ¶¶ 1 through 76. Defendants incorporate their responses to those same allegations.

78.    Defendants make no response to the allegations in ¶ 78 because they are descriptive in nature or conclusions of law.  To the extent a response is required Defendants deny the remaining allegations in ¶ 78.

79.    Defendants deny the allegation in ¶ 79.

80.    Defendants deny the allegation in ¶ 80.

81.    Defendants deny the allegation in ¶ 81. Defendants specifically deny the prayers for relief sought by Plaintiffs at ¶¶ (f) through (i).

### Demand for Trial by Jury

Defendants deny that any basis exists in law or in fact for the claims of Plaintiffs, and further deny that Plaintiffs are entitled to any of the relief sought by them on their claims set forth in the Complaint herein.  Further answering the Complaint, Defendants deny any allegations contained therein which have not bee specifically admitted or denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

82.    With respect to all causes of action, Plaintiffs fail to state a claim on which relief can be granted.

### Second Affirmative Defense

83.    With respect to all causes of action, Plaintiffs fail to provide any dates for the workweeks for which compensation is claimed and the number of hours worked per week in sufficient detail to state a claim and permit Defendants to prepare responsive pleadings.

### Third Affirmative Defense

84. With respect to all causes of action, Plaintiffs have not sustained damages as alleged.

### Fourth Affirmative Defense

85. Some of Plaintiffs' claims may be subject to the *de minimis* rule, 29 C.F.R. § 785.47 because they involve insignificant amounts of overtime.

### Fifth Affirmative Defense

86. The lawsuit is not properly brought as a collective action under § 216 of the Fair Labor Standards Act because the members of the putative class are not similarly situated, there are no common claims, and any determination of liability and/or damages would require individualized inquiries. In addition, individualized issues predominate over any common issues that may exist and requires analysis of each putative collective action member to determine hours worked, individualized damages and applicable exemptions.

### Sixth Affirmative Defense

87. The lawsuit is not properly brought as a class action under Fed. R. Civ. P. 23 because the potential class is not numerous; the questions of law or fact are not common to the potential class; the claims or defenses of the parties are not typical of the claims or defenses of the potential class; the interests of the potential class will not be fairly and adqueatly protected; and the plaintiffs are not similarly situated with those they allege are potential members of a class.

88.     With respect to all causes of action, Plaintiffs' causes of action may be barred in whole or in part based on the statute of limitations.

### Seventh Affirmative Defense

89.     With respect to all causes of action, the Complaint fails to state a claim upon which an award of attorneys' fees and/or liquidated damages can be granted.

### Eighth Affirmative Defense

90.     Defendants acted in good faith and with reasonable grounds for believing any omissions or actions were not a violation of the New York Labor Law and other applicable federal and state statutes or regulations including the Fair Labor Standards Act, if applicable.

### Ninth Affirmative Defense

91.     With respect to all causes of action, Defendants' actions toward Plaintiffs were at all times, fair, in good faith, for good cause and in accordance with all federal, state and local laws.

### Tenth Affirmative Defense

92.     With respect to all causes of action, Plaintiffs' claims may be barred in whole or in part by accord and satisfaction.

### Eleventh Affirmative Defense

93.     With respect to all causes of action, any and all wages owed to Plaintiffs have been paid at or above the minimum wage rate and have been paid the correct overtime amount.  Plaintiffs' claims may be barred in whole or in part by payment.

**Twelfth Affirmative Defense**

94.Defendant has acted in good faith conformity with and in reliance on written administrative regulations, orders, rulings, approvals and/or interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor, and/or administrative practices or enforcement policies of said Administrator and, accordingly, the action is barred under the Portal-to-Portal Act, 29 U.S.C. § 259.

**Thirteenth Affirmative Defense**

95.Defendants can avail themselves of any and all applicable exemptions at law.

**Fourteenth Affirmative Defense**

96.This action is barred by the doctrines of waiver and estoppel.

**Fifteenth Affirmative Defense**

97.This action is barred by the doctrine of laches.

**Sixteenth Affirmative Defense**

98.The Plaintiffs have failed to meet their duty to mitigate damages.

**Seventeenth Affirmative Defense**

99.The Defendants have fully compensated its employees for all work performed.

**Eighteenth Affirmative Defense**

100.The complaint is barred, in whole or in part, by the doctrine of payment.

101. The Defendants are entitled to a set-off with respect to every Plaintiff for monies paid for any hours that a particular Plaintiff was not working.

### Nineteenth Affirmative Defense

102. The Plaintiffs' claim for liquidated damages under New York Labor Law may not be maintained as a class action.

### Twentieth Affirmative Defense

103. The causes of action herein have been waived and/or are barred by reason of the Plaintiffs' failure to give proper and timely notice to the Defendants of their claims.

### Twenty-first Affirmative Defense

104. This action is barred, in whole or in part, as a result of the Plaintiff's own wrongful and dilatory conduct and their own actions or inactions.

### Twenty-fifth Affirmative Defense

105. Plaintiffs are precluded from receiving relief by virtue of their own fraudulent conduct.

### Twenty-sixth Affirmative Defense

106. The damages alleged in this action by the Plaintiffs, if any were in fact sustained, were caused by the acts or omissions of others, including the Plaintiffs, for which the Defendants have no legal responsibility or authority.

**WHEREFORE,** Defendants demand judgment against Plaintiffs dismissing the Complaint herein, with prejudice, and granting Defendants their attorneys' fees and costs associated with the defense of this action, together with such other and further relief as the Court deems just and proper.

Dated: June 27, 2007

                                                  Respectfully submitted,

                                                  **MILMAN & HEIDECKER**

/s/_____
Robert F. Milman, Esq. (RM-3037)
Michael J. Mauro, Esq. (MM-9067)
Attorneys for Defendants
3000 Marcus Ave., Suite 3W3
Lake Success, NY  11042
(516) 328-8899