LITTLER MENDELSON, P.C.
  Craig R. Benson (CB-9531)
  Sara D. Sheinkin (SS-9719)
885 Third Avenue, 16th Floor
New York, NY  10022.4834
212.583.9600

Attorneys for Defendant
  Duane Reade Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RASHEEN SCOTT and JACOB WILLIAMS Individually, and on Behalf of All Other Persons Similarly Situated,

        Plaintiffs,

-against-

SAME DAY DELIVERY INC., ROCCO VINCENT D'AMASSANDRO, SCOTT WEINSTEIN, STEVE PILAVIN, DUANE READE INC., and JOHN DOES #1-10, Jointly and Severally,

        Defendants.

07 CV 3586 (AKH)

**ANSWER**

**Electronically Filed**

---

Defendant Duane Reade Inc., by its attorneys, Littler Mendelson, P.C., hereby answers the Complaint of Plaintiffs Rasheen Scott and Jacob Williams (hereinafter collectively referred to as "Plaintiffs") as follows:

## NATURE OF THE ACTION

1. Admits that Plaintiffs make the allegations as stated in paragraph 1 of the Complaint, but denies that there exists any basis in law or in fact for their claims.

2. Admits that Plaintiffs make the complaints as stated in paragraph 2 of the Complaint, but denies that there exists any basis in law or in fact for their claims.

**JURISDICTION AND VENUE**

3. States that the allegations contained in paragraph 3 of the Complaint constitute legal argument and conclusions to which no response is required.

4. States that the allegations contained in paragraph 4 of the Complaint constitute legal argument and conclusions to which no response is required.

5. States that the allegations contained in paragraph 5 of the Complaint constitute legal argument and conclusions to which no response is required.

**PARTIES**

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Denies the allegations contained in paragraph 9 of the Complaint, except admits that Duane Reade is a corporation organized and existing under the laws of the State of Delaware.

10. Admits that Plaintiffs use the term "Corporate Defendant" to mean Same Day Delivery and Duane Reade, but denies that there exists any basis in law or in fact to do so.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint to the extent they relate to Duane Reade, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

13. States that the allegations contained in paragraph 13 of the Complaint constitute legal argument and conclusions to which no response is required. To the extent a response is required, Duane Reade denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## COLLECTIVE ACTION ALLEGATIONS

14. Admits that Plaintiffs seek to pursue a collective action as stated in paragraph 14 of the Complaint, but denies that there exists any basis in law or in fact for their claims.

15. States that the allegations contained in paragraph 15 of the Complaint constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

16. States that the allegations contained in paragraph 16 of the Complaint constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

17. States that the allegations contained in paragraph 17 of the Complaint constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

18. States that the allegations contained in paragraph 18 of the Complaint constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

## CLASS ACTION ALLEGATIONS

20.     States that the allegations contained in paragraph 20 of the Complaint constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

21.     Admits that Plaintiffs purport to bring class claims as stated in paragraph 21 of the Complaint, but denies that there exists any basis in law or in fact for their claims.

22.     States that the allegations contained in paragraph 22 of the Complaint constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

23.     States that the allegations contained in paragraph 23 of the Complaint constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

24.     States that the allegations contained in paragraph 24 of the Complaint constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

25.     States that the allegations contained in paragraph 25 of the Complaint constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

26.     States that the allegations contained in paragraph 26 of the Complaint constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

27. States that the allegations contained in paragraph 27 of the Complaint constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

### STATEMENT OF FACTS

#### Jacob Williams

28. Denies the allegations contained in paragraph 28 of the Complaint to the extent they relate to Duane Reade, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Denies the allegations contained in paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Denies the allegations contained in paragraph 37 of the Complaint.

38. Denies the allegations contained in paragraph 38 of the Complaint.

39. Denies the allegations contained in paragraph 39 of the Complaint.

### Rasheen Scott

40. Denies the allegations contained in paragraph 40 of the Complaint to the extent they relate to Duane Reade, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45. Denies the allegations contained in paragraph 45 of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49. Denies the allegations contained in paragraph 49 of the Complaint.

50. Denies the allegations contained in paragraph 50 of the Complaint.

51. Denies the allegations contained in paragraph 51 of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

59. Denies the allegations contained in paragraph 59 of the Complaint to the extent they relate to Duane Reade, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

63. Denies the allegations contained in paragraph 63 of the Complaint to the extent they relate to Duane Reade, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

64. Denies the allegations contained in paragraph 64 of the Complaint to the extent they relate to Duane Reade, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

65. Denies the allegations contained in paragraph 65 of the Complaint to the extent they relate to Duane Reade, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

66. Denies the allegations contained in paragraph 66 of the Complaint to the extent they relate to Duane Reade, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**FIRST CLAIM FOR RELIEF**

67. With regard to paragraph 67 of the Complaint, Duane Reade repeats and incorporates its responses to paragraphs 1 through 66 of the Answer as if fully set forth herein.

68. States that the allegations contained in paragraph 68 of the Complaint constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

69. States that the allegations contained in paragraph 69 of the Complaint constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

70. Admits that, at all times relevant hereto, Duane Reade has had gross annual revenues in excess of $500,000, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 70 of the Complaint.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint.

72. Denies the allegations contained in paragraph 72 of the Complaint.

73. States that the allegations contained in paragraph 73 of the Complaint constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

74. States that the allegations contained in paragraph 74 of the Complaint constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

75. States that the allegations contained in paragraph 75 of the Complaint constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

76. States that the allegations contained in paragraph 76 of the Complaint constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## SECOND CLAIM FOR RELIEF

77. With regard to paragraph 77 of the Complaint, Duane Reade repeats and incorporates its responses to paragraphs 1 through 76 of the Answer as if fully set forth herein.

78. States that the allegations contained in paragraph 78 of the Complaint constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

79. States that the allegations contained in paragraph 79 of the Complaint constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

80. States that the allegations contained in paragraph 80 of the Complaint constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

81. Denies the allegations contained in paragraph 81 of the Complaint.

Deny that Plaintiffs are entitled to any relief at all against Defendant Duane Reade.

## AS AND FOR A FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel and/or unclean hands.

## AS AND FOR A THIRD DEFENSE

Plaintiffs are exempt from the overtime requirements of the Fair Labor Standards Act and New York State Labor law.

## AS AND FOR A FOURTH DEFENSE

Plaintiffs' claims for liquidated damages are barred, in whole or in part, because any and all actions taken by Duane Reade were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of New York State or Federal law.

## AS AND FOR A FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A SIXTH DEFENSE

The Complaint fails to state a claim upon which punitive damages and/or prejudgment interest may be granted.

## AS AND FOR A SEVENTH DEFENSE

This Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under New York Labor Law.

**AS AND FOR AN EIGHTH DEFENSE**

Plaintiffs are exempt from the requirements of the Fair Labor Standards Act and New York State Labor law and its supporting regulations because they were not Duane Reade's employees, as defined by the applicable statutes.

WHEREFORE, Defendant Duane Reade demands judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Date:   June 28, 2007
        New York, New York

/s Sara Sheinkin
Craig R. Benson (CB-9531)
Sara Danielle Sheinkin (SS-9719)
LITTLER MENDELSON
  A Professional Corporation
885 Third Avenue, 16th Floor
New York, NY  10022.4834
212.583.9600

Attorneys for Defendant
  Duane Reade Inc.